**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 08 2013, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EVIA JANE LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1211-CR-935 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, III, Judge
Cause No. 85C01-1004-FD-75

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Evia Jane Lee appeals the trial court's revocation of her probation. Lee presents two issues for our review: whether the trial court abused its discretion when it revoked her probation, and whether the trial court abused its discretion when it ordered her to serve the balance of her suspended sentence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 26, 2010, Lee pleaded guilty to three counts of neglect of a dependent, as Class D felonies. Pursuant to her plea agreement, Lee was to serve an aggregate term of three years, with one year on electronic home detention ("EHD") and two years suspended to probation. In exchange for her guilty plea, the State agreed to dismiss an habitual offender charge. The trial court accepted Lee's plea agreement and sentenced her according to its terms.

On October 17, 2010, Lee tested positive for alcohol, which was a violation of EHD and probation. Accordingly, on November 1, the State filed a petition to terminate EHD and a petition to revoke probation. Following a hearing, the trial court terminated EHD, and the court ordered Lee to begin her two-year term of probation on January 18, 2011.[1]

On May 17, 2011, the State filed another petition to revoke Lee's probation after she was arrested for driving with a suspended license. On July 27, Lee admitted to

---

[1] Lee has failed to include several pertinent documents in her appendix on appeal. Accordingly, we rely on the version of the procedural history underlying the revocation of Lee's probation as set out in the briefs on appeal.

violating the terms of her probation, and the trial court revoked her probation. Lee served sixty days of her suspended sentence and then returned to probation.

On August 30, 2012, the State filed another petition to revoke Lee's probation after she failed to make sure her son attended school as required by the terms of her plea agreement. And on September 13, the State filed an additional petition to revoke Lee's probation after she failed to comply with a mandatory rehabilitation program. The court held a hearing on the State's petitions. At that hearing, Lee denied having violated the terms of probation. In particular, she testified that her son's absences from school on August 6 and 8 were excused due to illness and that she did not attend the first session of the rehabilitation program because she was in the hospital for a heart attack. But the State presented evidence that Lee's son's school absences on August 6 and 8 were unexcused and that Lee had been instructed to contact Sara Adams regarding the rehabilitation program after she was discharged from the hospital, but she failed to do so. The trial court revoked Lee's probation and ordered her to serve the balance of her suspended sentence. This appeal ensued.

## DISCUSSION AND DECISION

Lee appeals the revocation of her probation and sentence. As our supreme court has explained:

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial

3

court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

Here, the terms of Lee's probation included a provision that "her children are required to attend school" and "any unexcused absence from school . . . shall be deemed a violation of the terms of her probation." Appellant's App. at 72. Lee was also required to "participate in and successfully complete the Changing Offender Behavior Program[.]" Id. at 86. Following Lee's move to Miami County, Lee was ordered to attend the Thinking for a Change program in lieu of the Changing Offender Behavior Program.

The State presented evidence that Lee's son had two unexcused absences from school in violation of the conditions of her probation. While Lee's probation officer could not state with certainty whether she had informed him regarding the absences, the State's Exhibit 1 shows that the two absences were unexcused according to the school's records. In addition, Sara Adams, a case manager for Miami County Community Corrections, testified that Lee was supposed to have begun Thinking for a Change on August 22[2] but that Lee had called her on that date to say that she was in the hospital and could not attend. Adams instructed Lee to call her as soon as she was released from the hospital, which occurred on August 23, but Lee did not call Adams for several days. When Lee called Adams on August 29, Adams told Lee that she had been terminated from the program again. Lee's contentions on appeal amount to a request that we reweigh the evidence, which we will not do.

---

[2] Lee had previously attempted to complete this program in February, but she was terminated for missing one or more sessions. She re-enrolled in the program in August.

4

Again, probation is a matter of grace, and a trial court's decision to revoke probation is reviewed for an abuse of discretion. See Prewitt, 878 N.E.2d at 188. The trial court's determination was supported by substantial evidence. The trial court did not abuse its discretion when it revoked Lee's probation.

With regard to her sentence, Lee maintains that she "attempted to wholeheartedly comply with not only the letter of, but the spirit of, the terms and conditions of her probation." Brief of Appellant at 14. And she contends that her sentence is "clearly against the logic and effects of the facts and circumstances of the present matter[.]" Id. But, again, Lee asks that we reweigh the evidence, which we will not do. The trial court did not abuse its discretion when it revoked Lee's probation, and the court did not abuse its discretion when it ordered Lee to serve the balance of the suspended portion of her sentence.

Affirmed.

BAILEY, J., and BARNES, J., concur.